**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**IN RE: S & H SYSTEMS, INC.**
**DEBTOR**

**CASE NO.: 3:26-bk-10365**
**CHAPTER 7**

**MOTION TO SETTLE AND COMPROMISE CONTROVERSY WITH UNITED PARCEL SERVICE OASIS SUPPLY CORPORATION AND ITS AFFILIATES AND NOTICE OF OPPORTUNITY TO OBJECT**

J. Brian Ferguson (the "Trustee"), as the duly appointed Chapter 7 trustee for the bankruptcy estate of S & H Systems, Inc. ("Debtor"), by and through his counsel, James R. Baxter, and United Parcel Services Oasis Supply Corporation and its affiliates ("UPS"), by and through its attorneys, Rose Law Firm, a Professional Association, for their motion to settle and compromise controversy with UPS, state as follows:

1. On February 2, 2026, Debtor voluntarily filed for relief under Chapter 11 of the United States Bankruptcy Code (the "Code"). However, on July 7, 2026, the Court entered the *Order Granting Motion of the Official Committee of Unsecured Creditors to Convert Debtor's Chapter 11 Case to Chapter 7* (Doc. 394). Accordingly, the case has been converted to Chapter 7.

2. The Trustee was appointed on July 7, 2026 (Doc. 396).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

4. Prior to Debtor's bankruptcy filing, UPS retained Debtor as its contractor for at least thirteen projects for UPS that involved, among other things, conveyor systems (collectively, the "Projects"). For each of the Projects, Debtor agreed to provide the labor, equipment, materials, services, and work necessary to complete the Projects.

5. For each of the Projects, Debtor and UPS entered into an individual Standard Turnkey Conveyor Agreement (collectively, the "Turnkey Agreements").

6. Debtor performed work on certain of the Turnkey Agreements and alleged UPS is currently indebted to Debtor in the amount of $14,234,467.57. UPS disputed this amount based on invoices submitted for incomplete or substandard work.

7. UPS identified claims against Debtor based on Debtor's actions for which UPS may have co-liability under applicable state laws (collectively, the "State Law Claims"). Should the State Law Claims be valid against both Debtor and UPS, they would total approximately $1,700,000 (the "State Law Liability") against UPS and the Turnkey Agreements would permit UPS to withhold substantial amounts of payment until such State Law Liability is finally decided.

8. Prior to the conversion of the case to Chapter 7, Debtor and UPS engaged in good faith discussions and efforts to reconcile Debtor's records with UPS' records and, in so doing, reached a compromise amount upon which the parties can agree.

9. The Trustee has reviewed the records and reconciliation work of the pre-conversion Debtor and UPS and agrees with their compromise as to the total amount owed by UPS to Debtor, less any amounts to which UPS is entitled to setoff and has analyzed the potential claims upon which UPS may be co-liable with Debtor.

10. Based on the reconciliation process and negotiation post-conversion, the Trustee and UPS have reached an agreement to resolve all outstanding disputes regarding the total amount owed by UPS to Debtor (the "Settlement Agreement") and address additional concerns of the parties. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A and incorporated herein by reference.

11. In summary, the material terms of the compromise contained in the Settlement Agreement are as follows:

a. The total amount owed by UPS to Debtor under the terms of the Turnkey Agreements for the labor, equipment, materials, services, and work necessary to complete the Projects is agreed to be **$11,188,520.00**;

b. Due to certain failure by Debtor to complete certain work by specified time periods, UPS is entitled to liquidated damages from Debtor in the amount of **$2,188,250.00** to which UPS is entitled to a contractual setoff claim under the provisions of 11 U.S.C. § 553;

c. UPS shall escrow **$1,700,000.00** (the "Escrowed Funds"), which shall be used either (a) to satisfy any such State Law Claim where UPS and the Trustee agree (the "Escrow Parties") (pursuant to an escrow agreement) that such State Law Claim can be maintained against UPS, or (b) fund the Estate where the Escrow Parties agree (again, pursuant to an escrow agreement) that such State Law Claim cannot be successfully maintained against UPS and where Debtor has successfully interceded in such State Law Claim to reach a determination, on a final basis, of no liability against UPS.

d. UPS shall pay **$6,900,000.00** to Corporate Billing, Debtor's pre-conversion, post-petition senior secured lender ("CorpBill") on account of amounts owed by Debtor to CorpBill; and

g. The remaining amount of **$400,270.00** owed by UPS to Debtor will be paid to the bankruptcy estate free and clear of all liens.

12. Pursuant to Federal Rule of Bankruptcy Procedure 9019, the Court may approve a compromise or settlement on motion by the Trustee. The approval or rejection of a settlement is left to the sound discretion of the Court. *ReGen Capital III, Inc. v. Official Committee of Unsecured Creditors* (*In re Trism, Inc.*), 282 B.R. 662 (B.A.P. 8th Cir. 2002) (citations omitted). In determining whether a proposed settlement is fair and equitable, neither an evidentiary hearing nor a rigid mathematical analysis is required. *Tri-State Fin., LLC v. Lovald*, 525 F.3d 649, 655 (8th Cir. 2008), cert. denied, 555 U.S. 1046 (2008); *In re Am. Reserve Corp*., 841 F.2d 159, 163 (7th Cir. 1987) (minitrial not required). Compromises are a normal part of the bankruptcy process.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

13. "In exercising its discretion under Rule 9019, the bankruptcy court must consider four factors bearing on the settlement's reasonableness:

> (1) the probability of success in the litigation;
> (2) the difficulties, if any, to be encountered in the matter of collection;
> (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
> (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Cockhren v. MidWestOne Bank (In re Cockhren)*, 468 B.R. 838, 845-46 (B.A.P. 8th Cir. 2012) (quoting *In re Racing Services, Inc*., 332 B.R. 581, 586 (B.A.P. 8th Cir. 2005)). An abuse of discretion occurs when a bankruptcy court does not weigh these factors and then approves or rejects the proposed settlement. *Id*. (*citing In re Trism, Inc*., 282 B.R. at 667).

14. The standard for approval of a compromise settlement is whether it is "fair and equitable" and "in the best interests of the estate." *In re Martin*, 212 B.R. 316, 319 (B.A.P. 8th Cir. 1997) (citations omitted). "The purpose of a compromise is to allow the trustee and creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Id.* "When considering reasonableness, there is no best compromise, only a range of reasonable compromises. So as long as the one before the court falls within that range, it may be approved." *In re Cockhren*, 468 B.R. at 846 (*quoting In re Racing Services*, 332 B.R. at 586).

15. The compromise included in the Settlement Agreement is fair and equitable and approving the Settlement Agreement is in the best interest of the estate and all creditors.

16. Absent approval of the compromise in the Settlement Agreement, the Trustee will be forced to litigate against UPS to reach a determination of exactly what work was performed, whether all components of the work were completed in a diligent and workmanlike manner, and

whether amounts previously paid apply to invoices for which the Trustee is currently seeking payment or not. There is inherent uncertainty in certain subjective components of the Trustee's factual case and this makes the probability of the Trustee achieving an ultimate result in excess of the compromise very unlikely. Additionally, even to the extent that the Trustee prevails and a determination of UPS' liability to the Estate is established, the Turnkey Agreements provide UPS with the ability to withhold payment absent delivery to UPS of certain confirmations of payments by the Debtor—confirmations which the Debtor has been unable to deliver and, as such, the ability of the Trustee to collect from UPS is very low. The factual at issues in play in any litigation against UPS would be exceptionally large, as each invoice provided by the Debtorsto UPS would need to be proven—requiring the Trustee to produce voluminous internal records but also would require experts to spend time "in the field," examining and cataloguing physical evidence of the work—which would be time-consuming and prohibitively expensive. Finally, the Settlement Agreement provides a number of material benefits to the creditor body. The compromise reduces the secured debt of CorpBill from approximately $9,730,000.00 to less than $2,000,000.00; specific to the State Law Claims it will either reduce the unsecured debt of the Estate via payments to these creditors or directly fund the Estate in the aggregate amount of $1,700,000.00. Finally, it supplies guaranteed funds of $400,270.00 for the Estate that can be paid towards administrative estate claims and/or distributed to the remaining unsecured creditors. Moreover, based on the records of UPS and Debtor, the amount to be paid by UPS is the contractual amount to which it would most likely be found to owe if this matter went to trial, but by reconciling the amount owed by agreement, the bankruptcy estate will not incur the expenses of litigating the amount owed.

17. Based on the foregoing, the Trustee and UPS respectfully request that the Court enter an order authorizing the Trustee to enter into the Settlement Agreement, approving the

Settlement Agreement pursuant to Federal Rule of Civil Procedure, and directing the parties to effectuate the terms of the Settlement Agreement without undue delay.

## NOTICE OF OPPORTUNITY TO OBJECT

**NOTICE IS HEREBY GIVEN that all parties desiring to object to this Motion should file a written objection with the United States Bankruptcy Court, 300 West Second Street, Little Rock, Arkansas 72201, and serve a copy on undersigned counsel within twenty-one (21) days of the date of this Notice.**

**NOTICE IS FURTHER GIVEN that if no objection is filed within twenty-one (21) days of the date of this Notice, an Order will be entered granting the relief requested. If an objection is timely filed, a hearing will be set by subsequent notice from the Clerk of the United States Bankruptcy Court.**

WHEREFORE, J. Brian Ferguson, as Chapter 7 trustee for the bankruptcy estate of S & H Systems, Inc., and United Parcel Services Oasis Supply Corporation and its affiliates pray that the Court enter an order approving the settlement agreement attached hereto and awarding the parties all other just and proper relief to which they may be entitled.

Respectfully submitted,

*/s/ James R. Baxter*
James R. Baxter, Ark. Bar No. 2017191
BAXTER LAW FIRM, PLLC
126 N. Main Street
Benton, Arkansas 72015
Phone: (501) 315-2971
James.baxter@baxterlawpllc.com

Attorney for J. Brian Ferguson,
Chapter 7 Trustee

and

Rose Law Firm,
a Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201

Telephone: (501) 377-0450
Email: mthalheimer@roselawfirm.com

By: /s/ Mary-Tipton Thalheimer
Mary-Tipton Thalheimer (2011268)

*Attorneys for United Parcel Services Oasis Supply Corporation and its affiliates*

## CERTIFICATE OF SERVICE

I do hereby that on this 7th day of August, 2026, a true and correct copy of the foregoing was served *via* the Court's ECF noticing system and *via* U.S. Mail, postage upon the following persons:

Kevin P. Keech
KEECH LAW FIRM, PA
2011 South Broadway
Little Rock, Arkansas 72206

S & H Systems, Inc
P.O. Box 2946
Jonesboro, Arkansas 72402

U.S. TRUSTEE
Office of the U.S. Trustee
200 W. Capitol, Ste 1200
Little Rock, Arkansas 72201

All Creditors listed in the Creditor's Matrix

/s/ James R. Baxter